IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**MARK HOMS,**
Plaintiff,

v.

**ROCKWALL COUNTY SHERIFF'S DEPARTMENT,
ROCKWALL CITY POLICE DEPARTMENT,
CITY OF ROCKWALL,
POLICE DEPARTMENT OF ROWLETT, TEXAS,
and JOHN DOE POLICE OFFICERS,**
Defendants.

CIVIL ACTION NO. 3:25-cv-02489-X-BN

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Mark Homs respectfully files this Response in Opposition to Defendants' Motion to Dismiss. Defendants seek dismissal on grounds of immunity, failure to state a claim, and jurisdiction. However, Plaintiff's well-pleaded allegations demonstrate violations of his clearly established constitutional rights under 42 U.S.C. § 1983, including deliberate indifference to serious medical needs, cruel and unusual punishment, denial of due process, and unlawful conditions of confinement. At this stage, dismissal is improper because Plaintiff has pled sufficient facts which, if proven, entitle him to relief.

## II. FACTUAL BACKGROUND

On or about the date of his arrest, Plaintiff was unjustly arrested and incarcerated by Defendants. During his detention: 1. Plaintiff, a known diabetic and chronic pain patient, was denied all medication and medical treatment, despite repeatedly informing staff that without treatment he risked developing a blood clot that could be deadly. 2. The jail nurse, identified as Regina, mocked Plaintiff's condition and told him that she "didn't care if he died in the jail." 3. Plaintiff was subjected to a 60-degree holding cell and denied access to required phone calls, in violation of his rights. 4. Plaintiff repeatedly requested attention for a painful hernia, which was ignored until after hours of suffering. Only then was he given a pair of underwear as a makeshift solution. 5. Plaintiff was treated harshly, mocked, and subjected to conditions that

caused both severe physical pain and lasting psychological trauma. 6. As a result, Plaintiff has developed post-traumatic stress disorder (PTSD) and continues to suffer ongoing emotional and physical harm.

### III. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be denied if the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face (Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). At the pleading stage, Plaintiff need only allege enough facts to raise a right to relief above the speculative level.

### IV. ARGUMENT

A. Qualified Immunity Does Not Bar Plaintiff's Claims Defendants argue immunity. However, qualified immunity does not shield officials who violate clearly established constitutional rights. - It is clearly established that deliberate indifference to a detainee's serious medical needs violates the Eighth and Fourteenth Amendments (Estelle v. Gamble, 429 U.S. 97 (1976); City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983)). - Denying life-sustaining medication, ignoring medical emergencies, and mocking Plaintiff's pleas rise well above negligence — they demonstrate deliberate indifference. B. Plaintiff Has Stated a Claim Under § 1983 Plaintiff has alleged facts supporting claims of: 1. Deliberate Indifference to Serious Medical Needs (denial of diabetic and chronic pain treatment). 2. Unconstitutional Conditions of Confinement (60-degree cell, denial of phone calls, refusal of treatment). 3. Excessive Punishment and Cruel Treatment (mockery, refusal to treat hernia, denial of basic dignity). These claims are properly brought under 42 U.S.C. § 1983 and survive dismissal. C. Municipal and Supervisory Liability (Monell) The Rockwall County Sheriff's Department, Rockwall City Police Department, City of Rockwall, and Rowlett Police Department are liable under Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978) for their failure to train and supervise employees, leading to systemic constitutional violations. Plaintiff's allegations demonstrate that these violations were not isolated but stem from policies, practices, or customs. D. Jurisdiction is Proper This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law (42 U.S.C. § 1983). Venue is proper in the Northern District of Texas, Dallas Division, because the events occurred in Rockwall County, Texas.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendants' Motion to Dismiss in its entirety and grant Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Mark Homs
Mark Homs
2526 County Rd. 2510
Quinlan, TX 75474
Phone: (903) 513-8382
Email: Mark.Homs@iCloud.com

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30 day of September 2025, a true and correct copy of the foregoing Response in Opposition to Motion to Dismiss was served upon all parties through the Court's CM/ECF system.

/s/ Mark Homs
Mark Homs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**MARK HOMS,**
Plaintiff,

v.

**ROCKWALL COUNTY SHERIFF'S DEPARTMENT,
ROCKWALL CITY POLICE DEPARTMENT,
CITY OF ROCKWALL,
POLICE DEPARTMENT OF ROWLETT, TEXAS,
and JOHN DOE POLICE OFFICERS,**
Defendants.

CIVIL ACTION NO. 3:25-cv-02489-X-BN

### [PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS

On this day came before the Court Defendants' Motion to Dismiss and Plaintiff's Response in Opposition. Having considered the motion, the response, the pleadings, and the applicable law, the Court is of the opinion that the Motion to Dismiss should be and hereby is DENIED. IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is DENIED in its entirety. SO ORDERED this ___ day of _____, 2025.

_____
Hon. Brantley Starr
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**MARK HOMS,**
Plaintiff,

v.

**ROCKWALL COUNTY SHERIFF'S DEPARTMENT,
ROCKWALL CITY POLICE DEPARTMENT,
CITY OF ROCKWALL,
POLICE DEPARTMENT OF ROWLETT, TEXAS,
and JOHN DOE POLICE OFFICERS,**
Defendants.

CIVIL ACTION NO. 3:25-cv-02489-X-BN

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .............................................. p. 8
Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................. p. 8
City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983) .................. p. 9
Estelle v. Gamble, 429 U.S. 97 (1976) .............................................. p. 9
Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) ............................ p. 10

**Statutes**

42 U.S.C. § 1983 .............................................................................. p. 8-10
28 U.S.C. § 1331 .............................................................................. p. 11

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................... p. 8

Mark Homs
2526 County Rd. 2510
Quinlan, TX 75474
Phone: (903) 513-8382
Email: Mark.Homs@iCloud.com

September 30, 2025

Clerk of Court
United States District Court
Northern District of Texas
Dallas Division
1100 Commerce Street, Room 1452
Dallas, TX 75242

Re: Mark Homs v. Rockwall County Sheriff's Department, et al.
Civil Action No. 3:25-cv-02489-X-BN

Dear Clerk of Court:

Enclosed for filing in the above-referenced case, please find the following documents submitted by Plaintiff, pro se:

1. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss
2. Proposed Order Denying Defendants' Motion to Dismiss
3. Notice of Filing Proposed Order
4. Table of Authorities

Kindly file these documents into the record and forward them to the presiding judge for consideration. Please return a file-stamped copy to me via the Court's CM/ECF system.

Thank you for your assistance.

Respectfully,

/s/ Mark Homs
Mark Homs
Pro Se Plaintiff