IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK HOMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2489-X-BN |
| | § | |
| CITY OF ROCKWALL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Mark Homs filed this lawsuit in a Rockwall County, Texas state

court; it includes claims under 42 U.S.C. § 1983 for alleged civil rights violations and

names as defendants several identified entities (Defendants Rockwall Police

Department, Rowlett Police Department, Rockwall County Sheriff's Department,

City of Rockwall), as well as unnamed individual law enforcement officers; and the

City of Rockwall removed under the Court's federal-question subject-matter

jurisdiction. *See* Dkt. Nos. 1-4.

United States District Judge Brantley Starr referred the removed lawsuit to

the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

The City and its police department and the Sheriff's Department moved to

dismiss Homs's claims against them under Federal Rule of Civil Procedure 12(b)(6).

*See* Dkt. Nos. 8-10.

Homs responded. *See* Dkt. No. 14. The Sheriff's Department replied. *See* Dkt.

No. 17. And, although the deadline to file replies has not passed, *see* Dkt. No. 13, the undersigned recommends, for the reasons and to the extent set out below, that the Court grant the motions to dismiss and dismiss on its own motion the claims against the non-moving non-jural entity defendant.

## Legal Standards

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489,

494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

And "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall., Tex.*, No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (per curiam) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

## Analysis

Homs alleges that the defendants violated his Fourth Amendment rights against false arrest and false imprisonment, were negligent and grossly negligent, and intentionally inflicted emotional distress on him, and he seeks monetary damages of $5 million. *See* Dkt. No. 3 at 4.

Preliminarily but importantly, to the extent that Homs names as defendants "Unnamed John/Jane Doe Officers [to] be identified and served as discovery progresses," Dkt. No. 3 at 3, "[a]lthough the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants," *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007)

- 4 -

(per curiam) (citing *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993)).

And the United States Court of Appeals for the Fifth Circuit has observed that a *pro se* plaintiff may be entitled to court-sanctioned discovery to identify John Doe defendants if his "failure to identify the John Doe defendants [does not appear to be due to] contumaciousness or an attempt to delay the proceedings" and "'[i]t is conceivable that' readily available documentation would reveal the identities of some of the John Doe defendants." *Cowart v. Dall. Cnty. Jail*, 439 F. App'x 332, 332-33 (5th Cir. 2011) (per curiam) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); citation omitted).

And, so – to the extent that the Court dismisses the claims against the entity defendants – that would not relieve the entity defendants from responding to discovery aimed to identify officers who they employed or who may be associated with the incidents on March 5 and 6, 2025 that Homs alleges were unlawful. *See* Dkt. No. 3 at 4; *cf. Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915." (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

With that understanding, the undersigned does find that the claims against the entities named as defendants should be dismissed for the following reasons.

First, to the extent that Homs has named as defendants several non-jural entities – the Rockwall Police Department, the Rowlett Police Department, and the

Rockwall County Sheriff's Department, *see* Dkt. No. 3 at 3 – courts in this circuit dismiss claims against non-jural entities, commonly servient political departments, like these named defendants. *See, e.g., Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."))).

All of Homs's claims against the Rockwall Police Department, the Rowlett Police Department, and the Rockwall County Sheriff's Department should therefore be dismissed.

But, where a plaintiff names a non-jural entity as a defendant, a court should allow the plaintiff leave to amend his complaint to cure this deficiency. *See Johnson v. Dall. Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993))).

Homs also names as a defendant the City of Rockwall, a municipality. *See* Dkt. No. 3 at 3.

"Municipalities can be held liable for violating a person's constitutional rights under § 1983." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) ("*Sanchez II*") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

And the general pleading standards set out above apply to such a claim against a municipality. *See Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) ("There is no heightened pleading standard for § 1983 claims against municipalities. To survive a motion to dismiss, the complaint need not contain detailed factual allegations but still must state sufficient facts to establish a plausible claim on its face." (citing *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018))).

But, because "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage,'" *id.* (quoting Section 1983; citing *Monell*, 436 U.S. at 690), a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation," *Sanchez II*, 956 F.3d at 791 (citing *Monell*, 436 U.S. at 694); *see also Cope v. Coleman Cnty.*, No. 23-10414, 2024 WL 3177781, at *3 (5th Cir. June 26, 2024) (per curiam) ("A municipality may be held liable for a constitutional violation 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" (quoting *Monell*, 436 U.S. at 694)).

> To plausibly allege that a policy was the moving force,
>
> a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and

(3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482.

These elements are "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).

And, where a plaintiff's claim fails as to one prong, a court "need not consider whether [her] claim also fails the other two *Monell* prongs." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 & n.11 (5th Cir. 2021) (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010)).

"Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (citations omitted).

And, in rare circumstances, "a single decision by a policymaker may … constitute a policy for which a municipality may be liable," where (1) the "decision was made by a final policymaker, and (2) a plainly obvious consequence of the decision is a constitutional violation." *Doe v. Englewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (cleaned up); *see also Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) ("[A]n official policy includes the decisions of a government's law-makers,

the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." (cleaned up)).

"Under the second requirement, a plaintiff must show '[a]ctual or constructive knowledge of [a] custom' that is 'attributable to the governing body of the municipality or to an official to whom that body ha[s] delegated policy-making authority.'" *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (citation omitted).

A plaintiff must then "allege 'moving force' causation by showing first, 'that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Id.* (citation omitted).

As to the causation required, "[t]his connection must be more than a mere 'but for' coupling between cause and effect." *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (footnote omitted). That is because the "moving force" is the "catalyst" for the injury in question, not merely a "contributing factor." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695-96 (7th Cir. 2013) (per curiam).

"[T]he failure to provide proper training [or supervision] may fairly be said to represent a policy for which the [municipality] is responsible, and for which [it] may be held liable if it actually causes injury." *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2019) (citation omitted). And, although "a separate theory of municipal liability," "the same standard applies both to a failure to train [or to supervise] claim and to a municipal liability claim." *Pinedo v. City of Dall., Tex.*, No. 3:14-cv-958-D, 2015 WL 5021393, at *9 (N.D. Tex. Aug. 25, 2015) (citations omitted).

"The ratification theory provides another way of holding a city liable under §
1983" but only "if the policymaker approves a subordinate's decision and the basis for
it, as this 'ratification' renders the subordinate's decision a final decision by the
policymaker." *Allen*, 65 F.4th at 749 (footnote omitted).

And, regardless the theory of municipal liability, "[t]o proceed beyond the
pleading stage, a complaint's 'description of a policy or custom and its relationship to
the underlying constitutional violation ... cannot be conclusory; it must contain
specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)
(citation and footnote omitted).

That is because "[t]he causal link 'moving force' requirement and the degree of
culpability 'deliberate indifference' requirement must not be diluted, for 'where a
court fails to adhere to rigorous requirements of culpability and causation, municipal
liability collapses into respondeat superior liability.'" *Alvarez v. City of Brownsville*,
904 F.3d 382, 390 (5th Cir. 2018) (en banc) (quoting *Snyder v. Trepagnier*, 142 F.3d
791, 796 (5th Cir. 1998) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520
U.S. 397, 415 (1997))).

The undersigned sets out this lengthy explanation of municipal liability
principles to the extent that Homs may move for leave to file an amended complaint
against a municipal entity.

But, in short, Homs's current pleading fails to plausibly allege a Section 1983
claim against the City of Rockwall – or any other municipality – because he fails to
provide factual content that allows the Court to draw the reasonable inference that a

municipal policy was the moving force behind the constitutional violations he alleges.

First, Homs has not alleged that the actions taken against him were due to an official policy. And a municipality "cannot be liable for an unwritten custom unless '[a]ctual or constructive knowledge of such custom' is attributable to [its] policymaker." *Peña*, 879 F.3d at 623 (quoting *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017)); *see also Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 711 (5th Cir. 2023) ("[P]laintiffs' theory hinges entirely on the idea that if enough individuals do something, it becomes the fault of the policymaker. [But, w]ithout a showing of knowledge and acquiescence, such a theory is no more than vicarious liability and cannot survive a motion to dismiss." (citation omitted)).

"To establish a custom, a plaintiff must demonstrate (and, at the pleading stage, must plausibly plead) 'a pattern of abuses that transcends the error made in a single case.'" *Pinedo*, 2015 WL 5021393, at *5 (quoting *Piotrowski*, 237 F.3d at 582).

A pattern requires "sufficiently numerous incidents," as opposed to "isolated instances." *McConney v. City of Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1989) (cleaned up).

Which is why allegations "limited to the events surrounding the plaintiff" – the scope of the allegations pleaded by Homs – cannot constitute "an allegation of a *de facto* policy … by [a municipality]," *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015); *accord Hutcheson*, 994 F.3d at 482, as such allegations do "not plausibly allege *any* pattern of conduct – much less a pattern of similar violations," *Johnson*, 83 F.4th at 947 (emphasis in original).

>    [Instead, a] plaintiff can establish a policy by pointing to similar
>    incidents that are sufficiently numerous and have occurred for so long
>    or so frequently that the course of conduct warrants the attribution to
>    the governing body of knowledge that the objectionable conduct is the
>    expected, accepted practice of city employees. That knowledge, coupled
>    with a failure to act, can show the existence of a municipal policy.

*Robinson,* 80 F.4th at 710 (cleaned up); *accord Webb v. Twn. of Saint Joseph*, 925 F.3d

209, 214 (5th Cir. 2019) ("While municipalities can be sued directly under § 1983,

*Monell* establishes that they cannot be found liable on a theory of vicarious liability

or respondeat superior" – and, so, "the unconstitutional conduct must be directly

attributable to the municipality through some sort of official action or imprimatur;

isolated unconstitutional actions by municipal employees will almost never trigger

liability." (cleaned up)).

And, so, the Section 1983 claims against the City of Rockwall should be

dismissed. *See Brown*, 985 F.3d at 497 & n.11; *Zarnow*, 614 F.3d at 168-69.

That leaves Homs's state-law claims for negligence, gross negligence, and

intentional infliction of emotional distress – all intentional torts

And the City moves to dismiss those claims under the Texas Tort Claims Act

(the "TTCA"). *See* Dkt. No. 9 at 3-4. The TTCA "provides a limited waiver of immunity

for certain tort claims against the government." *Benfer v. City of Baytown, Tex.*, 120

F.4th 1272, 1284 (5th Cir. 2024) (quoting *Tex. Adjutant Gen.'s Off. v. Ngakoue*, 408

S.W.3d 350, 354 (Tex. 2013)).

But the TTCA "render[s] municipalities within Texas immune from liability

for all intentional torts," *Johnson v. City of Dall., Tex.*, No. 3:99-cv-2153-D, 2001 WL

332021, *3 (N.D. Tex. Apr. 3, 2001), as the "TTCA's limited waiver of sovereign

immunity does not apply to [an] intentional tort," *Mathis v. City of Dall.*, No. 3:20-cv-655-M-BH, 2020 WL 8172748, at *4 (N.D. Tex. Dec. 30, 2020), *rec. accepted*, 2021 WL 135990 (N.D. Tex. Jan. 14, 2021); *see also Webb v. City of Dall., Tex.*, 314 F.3d 787, 792 (5th Cir. 2002) ("[U]nder Texas law, a suit against a municipality or its agencies arising out of the performance of its governmental duties … is deemed to be a suit against the State of Texas for purposes of state sovereign immunity unless some special exception applies." (footnote omitted)); *St. Marion Props., L.L.C. v. City of Hous.*, 78 F.4th 754, 764 (5th Cir. 2023) ("In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. And a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." (cleaned up)).

And, so, under the TTCA, the Court should dismiss the negligence, gross negligence, and intentional infliction of emotional distress claims asserted against the City. *See, e.g.*, *McKinney v. Johnson Cnty., Tex.*, No. 3:22-cv-2264-N, 2023 WL 8816385, at *9 (N.D. Tex. Dec. 19, 2023).

In sum, the Court should grant the motions to dismiss filed by the City of Rockwall and its police department and the Rockwall County Sheriff's Department. And the Court should, on its own motion, dismiss the claims against the Rowlett Police Department, as a non-jural entity. But the Court should not enter judgment dismissing this case. And it should remain referred to the undersigned for further pretrial management as to the individual defendants who remain unidentified and in

the event that Homs seeks leave to amend his complaint.

## Recommendation

The Court should grant the motions to dismiss filed by Defendants City of Rockwall and its police department [Dkt. No. 8] and Rockwall County Sheriff's Department [Dkt. No. 10] and dismiss the claims against Rowlett Police Department on its own motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 16, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 14 -